# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| Hilda Ortiz,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Capital One,<br><br>　　　　　　Defendant. | Civil Action No.: 3:13-cv-00008<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Hilda Ortiz, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. This Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

5. The Plaintiff, Hilda Ortiz ("Plaintiff"), is an adult individual residing in El Paso, Texas.

6. The Defendant, Capital One ("Capital"), is a Virginia business entity with an address of 1680 Capital One Drive, McLean, Virginia 22102-3491.

## FACTS

7. In or around July 2012, Defendant began contacting Plaintiff by placing calls daily to Plaintiff's home telephone.

8. Defendant placed calls to Plaintiff using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "Robocalls").

9. Plaintiff has no prior business relationship with Defendant and never gave her consent to be contacted at her home telephone.

10. Each Robocall stated Defendant was looking for someone by the name of Sonora Ortiz.

11. On at least three occasions, Plaintiff followed Defendant's prompt to speak with a live representative.

12. During these conversations, Plaintiff explained to Defendant that she was not who they were calling for and requested that Defendant stop all Robocalls to her house.

13. Despite being informed of such, Defendant continued to place Robocalls to Plaintiff.

**A.     Plaintiff Suffered Actual Damages**

14. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

15. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendant contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message on a residential telephone line in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

18. Plaintiff either never provided express consent to Defendant or the Creditor to call her residential telephone number, or Plaintiff revoked her consent to be contacted by Defendant on her residential telephone by her repeated demands to cease calling her residential telephone.

19. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Each of the aforementioned calls made by Defendant constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et. seq*.

21. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Attorney's costs and fees; and

3. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 10, 2013

        Respectfully submitted,

        By:   */s/ Sergei Lemberg*

        Sergei Lemberg, *Attorney-in-Charge*
        Connecticut Bar No. 425027
        LEMBERG & ASSOCIATES L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        E-mail: slemberg@lemberglaw.com
        Attorneys for Plaintiff